## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO.: CF0211-20 |
| vs. | DECISION AND ORDER |
| | Re: Defendant's Motion in Limine |
| MARK FRANCIS AGUIGUI SABLAN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Jonathan R. Quan on May 3, 2021, upon Defendant Sablan's Motion in Limine. The People of Guam are represented by Assistant Attorney General Brendlynn O. Joseph. The Defendant, Mark Francis Aguigui Sablan, is represented by Terry E. Timblin, Esq. After reviewing the moving papers and oral arguments of both parties, the Court **DENIES** the Defendant's Motion in Limine.

## BACKGROUND

On April 18, 2020, Defendant and Michael Joseph Cruz Guzman ("Guzman") were working as bush cutters in Sinajana. See Def.'s Mot. in Limine at 1 (Mar. 16, 2021). The two were traveling to the Shell Gas Station in East Agana in order to purchase beverages, in a 1988 Silver Mazda B2200 pick-up truck. *Id.* at 1-2. Guzman was driving the vehicle while Sablan was in the passenger seat. *Id.* at 2. Officer Bagaforo of the Guam Police Department noticed that the vehicle had an expired 2018 registration tag. *Id.* Officer Bagaforo proceeded to stop the vehicle pursuant to a traffic stop and an alleged consent

CF0211-20, People of Guam v. Mark Francis Aguigui Sablan.
Decision and Order (Re: Defendant's Motion in Limine).

Page 1 of 5

search was conducted. Magistrate's Compl. (Apr. 20, 2020). Officer Bagaforo was joined by Officers Pangelinan and Nucum. See Def.'s Mot. in Limine at 2 (Mar. 16, 2021). The Officers allegedly observed that Defendant "displayed indicators of a person under the influence of an illicit substance." *Id.* Pursuant to the alleged consent search, Officer Pangelinan located a "Krazy Glue" container in the front passenger side door. *Id.* The Officer opened the container and found a Ziploc bag inside. *Id.* That Ziploc bag contained three smaller clear baggies that contained a crystalline substance suspected to be methamphetamine. *Id.* Both Guzman and Defendant denied knowledge or possession of the container. *Id.* Both Guzman and Defendant were arrested but no charges were brought against Guzman, and he appears on the Government's Witness List in this case. *Id.* at 3.

Defendant filed the current motion, seeking an order to admit into evidence the Judgment of Conviction in *People v. Michael Joseph Cruz Guzman*, on March 16, 2021. See *Id.* The People filed their opposition on April 16, 2021. See People's Reply to Def.'s Mot. in Limine (Apr. 16, 2021). Defendant filed his reply on April 22, 2021. See Def.'s Reply to Government's Opp'n (Apr. 22, 2021). Oral arguments were heard on May 3, 2021, and the Court subsequently took this matter under advisement.

## DISCUSSION

Defendant seeks an order to enter into evidence the Judgment of Conviction in CF0030-05, in which Guzman pled guilty to POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). See Def.'s Mot. in Limine, Ex. A (Mar. 16, 2021). Rule 609 of the Guam Rules of Evidence states "for the purpose of attacking the credibility of a witness, evidence that a witness other than the accused has been convicted of a crime shall be admitted subject to Rule 403." GRE Rule 609(a)-(a)(1). However, "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or the release of the witness from the confinement imposed for that conviction, which is the later date . . . ." GRE Rule 609(b). It is undisputed that the conviction at issue is more than ten years old, and thus, Defendant cannot enter the Judgment under Rule 609. However, Defendant argues he "does not seek to use the conviction for impeachment," but rather, "intends to introduce the Judgment whether Guzman testifies or not." Def.'s Mot. in Limine at 4 (Mar. 6, 2021); Def.'s Reply to Government's Opp'n at 2 (Apr. 22, 2021).

Instead, Defendant seeks to introduce the evidence pursuant to Rule 404(b), in a manner commonly known as "reverse Rule 404(b)." This method allows Defendant to introduce evidence of prior bad acts of a witness pursuant to Rule 404(b). See *U.S. v. Williams*, 458 F.3d 312, 313 (3rd Cir. 2006) ("This appeal requires us to consider the admissibility of what is known as 'reverse Rule 404(b) evidence.'"). Rule 404(b) provides:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

GRE Rule 404(b).

The Guam Rules of Evidence are based on the Federal Rules of Evidence, and as such, interpretations of the Federal Rules are persuasive. See *People v. Jesus,* 2009 Guam 2 ¶ 32 n. 8. Accordingly, the Ninth Circuit has found because "Rule 404(b) plainly proscribes other crimes evidence of 'a person,' it cannot reasonably be construed as extending only to 'an accused.'" *U.S. v. McCourt*, 925 F.2d 1229, 1232 (9th Cir. 1991). Therefore, "other crimes evidence may be offered by any party for a purpose other than proving the criminal propensity or conforming conduct." *Id.* See also *U.S. v. Williams*, 458 F.3d 312 (3rd Cir. 2006); *U.S. v. Murray*, 474 F.3d 938 (7th Cir. 2007).

However, in order to allow other crimes evidence to be entered it must not be "for the purpose of proving propensity or conforming conduct, although it may be admissible for some other purpose." *McCourt* at 1235. The rule allows admissibility for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," as a non-exhaustive list of examples. GRE Rule 404(b). In essence, "a defendant may introduce reverse 404(b) evidence so long as its probative value under Rule 401 is not

substantially outweighed by Rule 403 considerations." *Williams* at 316. Therefore, 404(b) evidence can be admitted by the Defendant, in the abstract, as long as its relevance outweighs its prejudicial value with one import caveat. However, that is not "to mean that evidence of bad acts involving someone other than the defendant is admissible whenever its probative value is not substantially outweighed by Rule 403 considerations, regardless of the purpose for which it is admitted: propensity, identity, motive or otherwise." *Id.* Rather, the general prohibition against propensity evidence is applicable, even when the evidence is offered by the Defendant. *Id.* at 317.

In *U.S. v. Williams*, the Defendant was attempting to introduce evidence that a co-actor had previously been convicted of possession of a firearm by a felon, during a trial in which the ownership of a firearm between the Defendant and the uncharged co-actor was at issue. *Id.* at 314-15. The Court found that Defendant was in essence arguing that the evidence be admitted to show the co-actor had a propensity to possess illegal firearms, and not identity because the co-actors "prior conviction was too generic to prove identity." *Id.* at 318. In other words, "[t]he mere prior possession of a firearm, without more, is not by any means a distinctive act, and does not prove identity." *Id.* Other circuits have agreed, stating "[t]he other crime and the crime of which the defendant is accused must be sufficiently similar to make it likely that whoever committed the other crime committed this crime as well, and that standard will not be satisfied unless there is something distinctive about all the crimes that makes them form a pattern, rather than their having merely a chance resemblance." *U.S. v. Murray*, 474 F.3d 938, 941 (7th Cir. 2007).

Here, Defendant argues that the Judgment of Conviction should be allowed under the intent exception. Def.'s Reply to People's Opp'n (Apr. 22, 2021). Defendant cites Guam case law for the proposition that "it is reasonable to conclude that the possession of methamphetamine by a person at one time may go toward proving he knowingly and intentionally possessed it on a subsequent occasion." *People v. Quintanilla*, 2001 Guam 12 ¶ 13. However, in the current case, Guzman is not being prosecuted, and this Court fails to see how Guzman's prior criminal act is relevant to whether Defendant had the necessary intent. Defendant is simply attempting to evade the prohibition on propensity evidence by casting it as a matter intent, but what he is really arguing is that Guzman committed the crime, and not him. Thus, as in *Williams*, and *Murray*, the identity exception is more appropriate, and a simple possession conviction is not distinctive enough to show a

consistent pattern of Guzman's behavior. Rather, Defendant is simply attempting to enter the Judgment in order to show that because Guzman was convicted of possession on a prior occasion, that he likely possessed the illicit substance in the present matter. Rule 404(b) expressly eliminates that possibility, stating "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."

**Conclusion**

For the reasons set forth above, the Court hereby **DENIES** the Defendant's Motion in Limine.

**SO ORDERED** this _31st day of July, 2021_

_____
The Honorable Jonathan R. Quan
Judge, *Pro Tempore,* Superior Court of
Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG J. TIMBlin

Date: 8/2/21  Time: 7:20 pm

_____
Deputy Clerk, Superior Court of Guam